# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| **ANTONIO LAMAR COOPER, et al.** | * | **CRIM. NO. JKB-14-0083** |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are Petitioners Antonio Lamar Cooper, Eugene Robert Watkins, Juwan Armarni Watkins, and Maurice Lorenzo Foreman's Motions to Hold Case in Abeyance. (ECF Nos. 267, 268, 270, 271.) The Court will deny those Motions, will set in further scheduling, and will resolve various other pending motions.

Petitioners have each filed § 2255 Motions to Vacate and related supplements and motions, (ECF Nos. 208, 214–220, 231, 233, 235, 239, 255), which raise arguments pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). Petitioners argue that the predicate offenses for their 18 U.S.C. § 924(c) convictions are no longer categorically crimes of violence. Petitioners each pleaded guilty to one count of using a firearm during and in relation to a crime of violence in violation of § 924(c), and they argue that the predicate crime of violence is ambiguous, but is either Hobbs Act robbery or conspiracy to commit Hobbs Act robbery. This purported ambiguity is relevant here, as the Fourth Circuit has held that Hobbs Act robbery itself is a crime of violence, *United States v. Mathis*, 932 F.3d 242, 265–66 (4th Cir. 2019), but that conspiracy to commit Hobbs Act robbery is not. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019).

1

However, Petitioners argue that *Mathis* is no longer good law and that Hobbs Act robbery is no longer categorically a crime of violence following the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). Petitioners argue that this issue is presently before the Fourth Circuit in *United States v. Green*, No. 16-7168, a case that was argued in January 2023. The Court has carefully reviewed the record in this case, as well as the record in *Green*, and concludes that Petitioners' request to hold this case in abeyance should be denied. The Court will therefore set in further scheduling in this case.

Accordingly, it is ORDERED that:

1. Petitioners' Motions to Hold Case in Abeyance (ECF Nos. 267, 268, 270, 271) are DENIED;

2. Cooper's *pro se* Motion Under § 2255 to Vacate (ECF No. 208) and Request for Leave to Amend the Petition (ECF No. 215) and Foreman's *pro se* Motion to Amend (ECF No. 255) are DENIED without prejudice;

    a. The Court does not permit hybrid representation, and Cooper and Foreman are represented by the Federal Public Defender for purposes of their § 2255 Motions. (*See* ECF Nos. 210, 211.) To the extent Cooper and Foreman wish to raise the arguments they make in these motions, they must do so through counsel.

3. Petitioners' prior Unopposed Motions to Hold Case in Abeyance (ECF Nos. 232, 234, 238, 242, 259, 260) are DENIED as moot;

4. Cooper's Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 231), Juwan Watkin's Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 233), and Foreman's Motion to Supplement 28 U.S.C. § 2255 Petition (ECF No. 235) are GRANTED insofar as they seek leave to supplement their § 2255 Motions;

5. Foreman's Motion to Seal (ECF No. 236) and Eugene Watkins' Motion to Seal (ECF No. 240) are GRANTED;

6. Foreman's Motion for Appointment of Counsel and Motion to Hold Case in Abeyance (ECF No. 261) is GRANTED IN PART and DENIED IN PART as moot; and

    a. It is granted to the extent that it seeks that the Court appoint the Federal Public Defender to represent Foreman. The Court notes that the docket indicates that the Federal Public Defender has already been appointed to represent Foreman. (ECF No. 211.) However, to avoid any confusion, the Court reaffirms the Federal Public Defender's appointment to represent Foreman.

    b. It is denied as moot to the extent that it seeks an abeyance of the case.

7. The Court sets in the following further scheduling:

    a. Petitioners' supplemental briefings are due by June 30, 2023;

    b. The Government's responses are due by July 31, 2023; and

    c. Petitioners' replies, if any, are due by August 14, 2023.

DATED this __28__ day of April, 2023.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge