IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-14-0083 |
| JUWAN ARMARNI WATKINS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Juwan Armarni Watkins' Motion for Compassionate Release. (ECF No. 285.) The Motion is fully briefed and no hearing is required. The Court will deny the Motion.

I. Background

The Superseding Indictment in this case charged Juwan Watkins and his co-defendants with the following offenses: Hobbs Act Conspiracy in violation of 18 U.S.C. § 1951(a) (Count One); Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) (Count Two); Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three); Witness Tampering in violation of 18 U.S.C. § 1512(a)(1)(C) (Count Four); and Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Five). (ECF No. 56.) As will be relevant in the Court's analysis of Juwan Watkins' Motion, the Superseding Indictment alleged, with respect to Count Five, that the Defendants:

1

> [D]id knowingly, intentionally and unlawfully use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: conspiracy to obstruct, delay, and affect commerce by robbery; and obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C. § 1951(a); and witness tampering, in violation of 18 U.S.C. § 1512(a)(1)(C), as set forth in Counts One, Two, and Four of this Superseding Indictment, which are incorporated here.

(*Id.*)

Juwan Watkins pleaded guilty to Counts Two and Five of the Superseding Indictment. (ECF No. 76.) The Statement of Facts provided the following description of the offense conduct:

> Pursuant to the conspiracy, on January 15, 2014, J. WATKINS and his co-conspirators, including Cooper, E. Watkins, and Foreman, obtained and were in possession of a stolen Jeep Cherokee. J. WATKINS, Cooper, E. Watkins, and Foreman traveled in the Jeep Cherokee to the vicinity of the Checkers restaurant at 4827 Allentown Road, Morningside, Maryland, with the intention of robbing the Garda employees. While at this location, J. WATKINS, Cooper, E. Watkins, and Foreman, all or some of whom were clothed in masks and armed with firearms, brandished firearms at the Garda employees and took personal property from the Garda employees, including two firearms, $72,106.54 in United States currency, and $4,028.81 in checks.
>
> J. WATKINS, Cooper, E. Watkins, and Foreman then fled the scene in the Jeep Cherokee. A civilian who observed the robbery take place followed the Jeep Cherokee in an attempt to obtain the license plate number. After one or more of the robbers realized the civilian was following them . . . one or more of the co-conspirators then began to discharge firearms at the civilian, striking the windshield and vehicle of the civilian several times. The civilian was struck in the face by glass and/or bullet fragments, causing the civilian bodily injury.

(ECF No. 76-1.) Juwan Watkins was sentenced to 90 months' imprisonment as to Count 2 and 120 months' imprisonment as to Count 5, to run consecutively for a total term of a 210 months. (ECF No. 152.)

## II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In

2

assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).[1]

### III. Analysis

Juwan Watkins argues that he should be granted compassionate release primarily due to an intervening change in the law. (ECF No. 285 at 7–11.) He argues that the § 924(c) count to which he plead guilty, Count Five, was predicated solely on the Hobbs Act conspiracy count, Count One, and that Hobbs Act conspiracy is no longer a crime of violence for purposes of § 924(c). (*Id.*) He argues that COVID-19 conditions in his facility and his rehabilitation also warrant his release. (*Id.* at 11–14.)

#### A. Extraordinary and Compelling Reason

#### 1. Changes in the Law

Juwan Watkins argues that "the Statement of Facts make it clear that the § 924(c) violation, in Count Five, was predicated, alone, on the conspiracy in Count One." (ECF No. 285 at 10.) This is relevant, as the Fourth Circuit has held that Hobbs Act conspiracy does not qualify as a crime of violence predicate for purposes of § 924(c). *United States v. Simms*, 914 F.3d 233–34 (4th Cir. 2019) (explaining that conspiracy to commit Hobbs Act robbery "does not categorically qualify as a crime of violence under the elements-based categorical approach"). However, Hobbs Act robbery does qualify as a crime of violence. *See United States v. Mathis*, 932 F.3d 242, 266 (4th

---

[1] As the Court explained in more detail previously, the Court must also consider whether the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). When the Fourth Circuit decided *McCoy*, there were no applicable policy statements, and therefore district courts could consider any extraordinary and compelling reason that a defendant might raise. *See United States v. Brown*, Crim. No. JKB-08-00415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023). In November 2023, newly amended Sentencing Guidelines went into effect, which do address detainee-filed compassionate release motions. *Id.* The new Guidelines include a catchall provision that "maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release." *Id.* Thus, the Court continues to consider any extraordinary and compelling reasons that a defendant raises.

Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."); *United States v. Gillespie*, 27 F.4th 934, 941 (4th Cir. 2022) ("Hobbs Act robbery constitutes a prototypical crime of violence under the force clause and continues to serve as a valid § 924(c) predicate.").[2]

Although Juwan Watkins is correct that Hobbs Act conspiracy is no longer a valid predicate for a § 924(c) conviction, he is incorrect that Count Five (the § 924(c) count) was predicated on Hobbs Act conspiracy, as opposed to Hobbs Act robbery. While the Superseding Indictment charged that Count Five was predicated on Counts One, Two, and Four of the Superseding Indictment (ECF No. 56), of those predicate offenses, Watkins pleaded guilty only to Count Two, Hobbs Act robbery (*see generally* ECF No. 76). The Plea Agreement reflects that the elements to which Juwan Watkins agreed to plead guilty included the following: "Count Five (Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence): (1) the Defendant used, carried, brandished, and discharged a firearm; (2) during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, *to wit, Interference with Interstate Commerce by Robbery, as charged in Count Two of the Indictment*." (ECF No. 76 at 2 (emphasis added); *see also* ECF No. 188 at 13:15–23 (plea colloquy reflecting the same).) Further, the Statement of Facts does not indicate that the § 924(c) violation was predicated on Count One.[3]

---

[2] The Court notes that Juwan Watkins' argument—that the predicate offense underlying his § 924(c) conviction is no longer a crime of violence—appears to attack the validity of that conviction. Compassionate release is not the appropriate vehicle where the arguments raised by a petitioner "would require the district court, in determining whether 'extraordinary and compelling reasons' for compassionate release exist, to evaluate whether [the underlying] convictions . . . were valid." *United States v. Ferguson*, 55 F.4th 262, 271 (4th Cir. 2022), cert. denied, No. 22-1216, 2024 WL 759802 (U.S. Feb. 26, 2024). In such cases, a 28 U.S.C. § 2255 motion would be appropriate. *Id.* However, because Watkins argues that the Court should grant his Motion due to a sentencing disparity (ECF No. 285 at 1) resulting from this change in law, the Court will address the merits of this argument.

[3] As noted above, Juwan Watkins explains that the Court should grant his Motion due to a "sentencing disparity." (ECF No. 285 at 1.) The Court understands this to be a reference to his argument that there has been an intervening

4

Accordingly, the Court does not find that there has been an intervening change of law that provides an extraordinary and compelling reason meriting Juwan Watkins' release.

### 2. Prison Conditions

Juwan Watkins explains that, while his health has been unaffected by COVID-19, his sentence has been harsher due to COVID-19 than it otherwise would have been in the absence of the pandemic. However, COVID-related restrictions do not, on their own, provide the extraordinary and compelling reason required to grant a motion for compassionate release. *See, e.g., United States v. Jones*, Crim. No. JKB-12-0247, 2023 WL 203819, at *2 (D. Md. Jan. 17, 2023) ("To the extent that courts have considered arguments about COVID-19 restrictions in this context, they have found that the harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." (citation and quotations omitted).) Therefore, Juwan Watkins has not presented extraordinary and compelling reasons justifying his release based on his arguments relating to COVID-19.

### 3. Rehabilitation

Juwan Watkins also explains that his rehabilitation while incarcerated presents an extraordinary and compelling reason justifying his release. (ECF No. 285 at 11–12.) Although the Court commends the strides he has made while incarcerated, the Court does not find that this presents an extraordinary and compelling reason justifying his release.

### B. Section 3553(a) Factors

Moreover, even if Juwan Watkins presented extraordinary and compelling reasons warranting his release, the Court finds that the § 3553(a) factors do not support a reduction in his

---

change in law. To the extent this reference is meant as a standalone extraordinary and compelling reason meriting his release, he has not sufficiently described the allegedly disparate nature of his sentence.

5

sentence. Section 3553(a) provides that a court shall consider various factors in imposing a sentence, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentence and the sentencing range; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Court finds that the nature and circumstances of the offense were extremely violent. The crime involved brandishing firearms during the commission of the robbery, and involved the discharge of a firearm at a civilian. The Court is loath to reduce a sentence in such circumstances and to dilute the deterrent effect—both specific and general—of such a sentence. The Court also finds that the need to protect the public weighs in favor of denying the pending Motion.

### IV. Conclusion

Accordingly, it is ORDERED that Juwan Watkins' Motion for Compassionate Release (ECF No. 285) is DENIED.

Dated this 28 day of February, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

6