IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-14-0083 |
| JUWAN ARMARNI WATKINS, | * | |
| Defendant. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Juwan Watkins' Motion for Reduction in Sentence (ECF No. 336). The Motion will be denied.

## I. BACKGROUND

On January 15, 2014, Defendant and three co-conspirators robbed an armored truck outside of a restaurant. (ECF No. 76-1.) During the robbery, the co-conspirators brandished firearms at the armored truck drivers. (*Id.*) A civilian observed the robbery and followed Defendant and his co-conspirators as they drove away from the scene. (*Id.*) When the robbers realized the civilian was following them, one or more of the co-conspirators discharged their weapons at the civilian's car, causing bodily injury to the civilian. (*Id.*) Defendant did not discharge a firearm at the civilian. (*Id.*)

Defendant was arrested and eventually pled guilty before Judge Hazel to Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and Using, Carrying, Brandishing, and Discharging a Firearm During and In Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). (ECF No. 76.) At sentencing, Judge Hazel noted that the base offense level for the § 1951(a) count was 20. (ECF No. 195 at 5.) But he explained that an upward departure to 33 was warranted pursuant

to § 2B3.1, Application Note 5, of the Sentencing Guidelines. (*Id.* at 8.) This provision permitted an upward departure "if the Defendant intended to murder the victim" and "if the object of offense would have constituted first degree murder." (*Id.* at 5–6.) Before sentencing, Judge Hazel held an evidentiary hearing to determine if this departure should apply. (*Id.* at 6.) Based on evidence admitted during this hearing and on Defendant's plea agreement, Judge Hazel concluded that the upward departure should apply. (*Id.*) Therefore, after a three-level decrease for acceptance of responsibility, Defendant's total offense level was 30 and his Criminal History Category was II. (*Id.* at 8–9.) This yielded a Guidelines range of 108–135 months' imprisonment. (*Id.*) However, Judge Hazel varied downward and sentenced Defendant to 90 months' imprisonment on the § 1951(a) count because "the attempt murder cross reference while legally appropriate does create an advisory guidelines range that is just slightly higher than what is warranted by the defendant's conduct and his history." (*Id.* at 24.) He also sentenced Defendant to a mandatory consecutive sentence of 120 months' imprisonment on the § 924(c) count. (*Id.* at 25.)

## II. DISCUSSION

### A. 18 U.S.C. § 3582(c)(2)

The Court first addresses Defendant's argument that Amendment 821 to the U.S. Sentencing Guidelines, which was given retroactive effect, requires a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Prior to Amendment 821, a defendant received two criminal history points if he committed the charged offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (U.S. Sent'g Comm'n 2023). However, Part A of Amendment 821 changed how these "status points" are calculated. Now, if a defendant has fewer than seven criminal history points, then he is not assessed any status points even if this condition is satisfied.

2

Here, Defendant had only one criminal history point, but he was assessed two status points because he committed the instant offense while under a "criminal justice sentence." (*See* ECF No. 100 at 10.) Thus, under Amendment 821, those two status points are now eliminated. This puts Defendant in a Criminal History Category of I, instead of II. However, the Guidelines range for total offense level 30, Criminal History Category I is 97–121 months. Meanwhile, Defendant's sentence on the challenged count was 90 months, due to the downward variance. And as the Government notes, the Court cannot reduce Defendant's sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Thus, Amendment 821 cannot serve as a basis to reduce Defendant's sentence.

## B. 18 U.S.C. § 3582(c)(1)

Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."

### 1. Extraordinary and Compelling Reasons

Defendant argues that Judge Hazel incorrectly determined that the upward departure to base offense level 33 should apply. The Court is skeptical that this claim can be heard on a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). Rather, the claim that a sentence was incorrectly calculated is a collateral attack on the sentence, and 28 U.S.C. § 2255 is the exclusive method to bring such a challenge. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022). But even if Defendant's claim were cognizable under § 3582(c)(1), it would still fail. That is because, despite Defendant's assertions to the contrary, Judge Hazel did hold an evidentiary hearing to determine if the upward departure should apply. (ECF No. 198.) And based on evidence admitted at that hearing, Judge Hazel determined that the upward departure was appropriate. He

3

explained his decision in detail (ECF No. 195 at 5–9) and the Court agrees with his analysis. Thus, because the offense level calculation was correct, it cannot serve as an extraordinary and compelling reason justifying a sentence reduction.[1]

Defendant next argues that he is entitled to relief under § 1B1.13(b)(6) of the Sentencing Guidelines. This provision states that there can be an extraordinary and compelling reason justifying a sentence reduction if the defendant's sentence was unusually long and there has been a change in law. Here, neither criterion applies. Defendant received a 90-month sentence on the § 1951(a) count. His co-conspirators were sentenced to 121, 135, and 48 months on that count. (ECF Nos. 150, 155, 157.) Thus, Defendant's sentence falls squarely within the standard range of sentences for this case; it was not unusually long. There has also not been a change in relevant law. Defendant cites to *Dean v. United States*, 581 U.S. 62 (2017), which held that judges may consider the effect of § 924(c)'s mandatory minimum "when calculating a just sentence for the predicate count." *Id.* at 69. But here, there is no evidence in the record that Judge Hazel would have calculated Defendant's sentence on the § 1951(a) count differently had *Dean* already been decided. Thus, § 1B1.13(b)(6) provides no relief to Defendant.

### 2. § 3553(a) Sentencing Factors

Even had the Court found that extraordinary and compelling reasons exist to support

---

[1] Although neither party addresses it, § 2B3.1, Application Note 5 was removed from the Sentencing Guidelines in November 2025. *See* Federal Sentencing Guidelines Manual, Vol. 3, app. C, amend. 836, at 1614. However, it does not seem as if this Amendment was made retroactively applicable. Furthermore, even if it were retroactively applicable, it would still not invalidate Judge Hazel's Guidelines calculation. Amendment 836 deleted most departure provisions in the Guidelines, but this was done only to streamline the decision-making process for sentencing judges. Previously, sentencing judges employed a three-step process in which they calculated the Guidelines range, determined if any facts required a departure, and then considered the § 3553(a) factors before imposing sentence. *Id.* at 1671. Now, the second step—determining applicable departures—is removed for most offenses. *Id.* at 1672. Instead, judges are now instructed to consider facts that would have previously motivated a departure as part of their consideration of the § 3553(a) factors. *Id.* at 1674. And if appropriate, they may impose variances, rather than departures, based on these facts. *Id.* The Sentencing Commission made clear, however, that this Amendment was meant to be "outcome neutral" and does not "serve as a limit to the information courts may consider in imposing a sentence." *Id.* Thus, Judge Hazel permissibly considered the facts adduced in the evidentiary hearing and validly calculated Defendant's base offense level to be 33.

4

release, the Court still would have denied a sentence reduction because the § 3553(a) factors do not warrant release. As the Court held in a previous Memorandum and Order denying a motion from Defendant to reduce his sentence:

> [T]he nature and circumstances of the offense were extremely violent. The crime involved brandishing firearms during the commission of the robbery, and involved the discharge of a firearm at a civilian. The Court is loath to reduce a sentence in such circumstances and to dilute the deterrent effect—both specific and general—of such a sentence. The Court also finds that the need to protect the public weighs in favor of denying the pending Motion.

(ECF No. 309 at 6.) The Court reaffirms this rationale here. Accordingly, the § 3553(a) factors do not support a sentence reduction.

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion for Reduction in Sentence (ECF No. 336) is DENIED.

DATED this _10_ day of March, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

5